

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 4, 1959

Mr. H. R. Nieman, Jr.           Opinion No. WW-757
Executive Director
State Building Commission       Re:  Authorization of the
Austin, Texas                        State Building Commis-
                                     sion to pay the City of
                                     Austin for paving its
                                     half of the existing
                                     thoroughfare and the ad-
                                     ditional five feet (ap-
                                     proximate) inside the
                                     State property line in
                                     order to render the ac-
                                     cess completely finish-
                                     ed up to the curbing at
                                     the west end of the Sup-
Dear Mr. Nieman:                     reme Court Building.

You have requested an opinion of this office con-
cerning the Building Commission's authority to pay the
City of Austin for paving its half of the existing
thoroughfare and the additional five feet (approximate)
inside the State property line at the west end of the
Supreme Court Building.

Under Section 51-b(c), Article III, Constitution of
Texas, the Commission may acquire property and enter in-
to such contracts as it deems necessary to build and
equip buildings for the use of State agencies.

"(c)  Under such terms and con-
ditions as are now or may be hereafter
provided by law, the Commission may ac-
quire necessary real and personal pro-
perty, salvage and dispose of property
unsuitable for State purposes, modernize,
remodel, build and equip buildings for
State purposes, and negotiate and make
contracts necessary to carry out and ef-
fectuate the purposes herein mentioned.
. . ."

In Attorney General's Opinion No. WW-585, when the
State Highway Department was confronted with a similar
situation, this office held that the authority for the
expenditure comes from the Highway Department's capa-
city as a land owner, and that money could be spent for

street improvements next to a tract of land just as
it could be spent to repair the roof of a building lo-
cated on that land.  Such an expenditure was also up-
held for the Texas State Hospitals and Special Schools
in Attorney General's Opinion No. S-102 on the basis
that it constituted an improvement of the property.

There is no doubt that the Commission can pay for
the paving of the five-foot area on State property
under Section 51-b(c), Article III of the Constitution
of Texas.  The only question is whether bids must be
taken in accordance with Section 5 of Article 678m
of Vernon's Civil Statutes.  It is clear, however,
that Article 678m applies only to the obtaining of
building sites and the construction of buildings on
those sites.  It would not prohibit the Commission from
entering into a contract to pay the City of Austin for
paving the five-foot area at the west end of the Supreme
Court Building.

It is our opinion that the Building Commission is
authorized to enter into a contract with the City of
Austin to pave the area outlined in your question.

Of course, the authority to make the expenditure
is subject to an appropriation for that purpose.  We
are of the opinion that the expenditure can be made out
of Item No. 10 of the present biennium appropriation to
the Building Commission.

## SUMMARY

The State Building Commission
is authorized to pay its pro
rata share of the street paving
cost at the west end of the
Supreme Court Building and the
additional cost of paving the
five-foot (approximate) area
within the State property line
under Section 51-b(c), Article
III, Constitution of Texas, and

Attorney General's Opinions
No. WW-585 and No. S-102.


Very truly yours,

WILL WILSON
Attorney General of Texas


By  *John C. Steinberger*
John C. Steinberger
Assistant


JSC:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Henry G. Braswell
Robert H. Walls
James R. Irion III
Raymond V. Loftin, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore